Cleveland, Cincinnati, Chicago and St. Louis Ry. Co.

*v.*

George H. Halbert.

*Opinion filed April 17, 1899.*

1. Railroads—*statute requiring warning at highway crossings refers to grade crossings only.* Section 6 of the act on the operation of railroads, (Rev. Stat. 1874, p. 808,) requiring a locomotive bell or whistle to be sounded on approaching a highway crossing, refers only to grade crossings, and not to overhead bridges or subways.

2. Same—*fact of absence of warning on approaching overhead bridge may be considered on question of negligence.* Whether warning was given on approaching an overhead bridge may be considered with other

circumstances as bearing upon the question whether the company observed its common law duty to use ordinary care and prudence in operating its train to avoid injuries at points where the track is crossed by a public road, whether at grade, above or below.

Carter, C. J., dissenting.

*C., C., C. & St. L. Ry. Co.* v. *Halbert,* 75 Ill. App. 592, reversed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Edgar county; the Hon. Frank K. Dunn, Judge, presiding.

Appellee recovered a judgment in the circuit court of Edgar county in the sum of $1500 against the appellant in an action on the case for personal injuries. The judgment was affirmed by the Appellate Court for the Third District on appeal, and the appellant company has prosecuted a further appeal to this court.

The declaration contained two counts. In each of them it was alleged appellee was riding in a carriage drawn by his horse along a public highway which crossed the track of appellant's road on a bridge at a height of twenty feet above the grade or track of the railroad, and that while upon and driving across the bridge one of appellant's trains passed along its track under the bridge at a high rate of speed and with much noise, and caused the horse to become frightened and run away; that the buggy was overturned and appellee thrown with great force and violence to and upon the ground, and greatly bruised, wounded, and injured, etc. The negligence charged in the first count is, the view of the track of the railroad was obstructed by embankments of earth and by trees, so that an approaching train could not be seen, and that defendant's servants in charge of the train failed to give any signal of its approach, and that the train approached and passed under the bridge at a high rate of speed and with much noise, and thereby frightened the horse and caused him to run away. The negli-

gence charged in the second count was, that the place where the bridge crossed the railroad was a public highway crossing, and the defendant company failed to observe the duty imposed upon it by the statute, when "approaching a public crossing with its locomotive engine and cars, to cause a bell of at least thirty pounds weight to be rung upon the locomotive drawing the train or to cause a whistle to be blown from said locomotive from a point at least eighty rods distant from the said highway crossing, and to have such bell rung or whistle blown continuously until such locomotive reached such crossing."

The court, by its instructions to the jury, ruled the statutory provisions relied upon in the second count were applicable, and directed the jury, if they believed, from the evidence, the injury of appellee was caused by the failure of the defendant to observe such requirements, they should return a verdict for the plaintiff.

George F. McNulty, (C. S. Conger, and R. L. McKinlay, of counsel,) for appellant:

The evidence shows plaintiff was guilty of contributory negligence,—that by his own want of care he contributed to and did cause the accident. In such case he cannot recover. *Railroad Co.* v. *Jones,* 95 U. S. 439; *Scofield* v. *Railroad Co.* 114 id. 615; *Mattirmore* v. *Erie,* 144 Pa. St. 14; *Railroad Co.* v. *Houston,* 95 U. S. 697; *Monongahela* v. *Fischer,* 111 Pa. St. 111; *Oil City F. Co.* v. *Boundy,* 122 id. 449; *Piert* v. *Railroad Co.* 82 Iowa, 148; *Smithwick* v. *Hall & U. Co.* 59 Conn. 261; *Abend* v. *Railroad Co.* 111 Ill. 208; *Railway Co.* v. *Manley,* 58 id. 300; *Railroad Co.* v. *VanPatten,* 64 id. 510; 74 id. 91; *Railroad Co.* v. *Lee,* 68 id. 576; *Railway Co.* v. *Hart,* 87 id. 530; *Railway Co.* v. *Halsey,* 133 id. 248; *Railway Co.* v. *Eaves,* 42 id. 289; *Bunn* v. *Railroad Co.* 6 Hun, 303; *Gray* v. *Railway Co.* 65 N. Y. 561; *Railroad Co.* v. *Keese,* 67 Barb. 205.

There is no presumption that the failure to give the signals (if there was a failure) caused the injury. The

proof fails to show it did, and therefore plaintiff could not recover.   *Railroad Co.* v. *Hurst*, 25 Ill. App. 181; *Railway Co.* v. *Wills*, 42 id. 26; *Railway Co.* v. *Richey*, 43 id. 247; Elliott on Railroads, sec. 1156.

The bridge in question in this suit is not a crossing to which the statute requiring certain signals to be given, applies.   Our statute means crossings on a level with the railroad track, and no others.   *Blanchard* v. *Railway Co.* 126 Ill. 425; *Railway Co.* v. *Thomas*, 87 Tex. 285; *McElroy* v. *Railroad Co.* 98 Ga. 257; *Bowen* v. *Railroad Co.* 22 S. E. Rep. 695; *State* v. *Railway Co.* 45 Conn. 344; *Favor* v. *Railway Co.* 114 Mass. 350; Anderson's Law Dic. "Intersect;" Sutherland on Stat. Const. secs. 219, 352; Bouvier's Law Dic. "Crossing."

Eads & Eads, and Dundas & O'Hair, for appellee:

Whether a person is guilty of contributory negligence in attempting to cross a track is a question for the jury. *Railroad Co.* v. *Davis*, 130 Ill. 146.

The servants of a railway company are charged with knowledge of all crossings and the danger thereat.   *Railroad Co.* v. *Stables*, 62 Ill. 373.

A railway company in operating its road is bound to exercise ordinary care and prudence and guard against injury to persons traveling by highway.   *Railroad Co.* v. *Kellam*, 92 Ill. 245; *Railroad Co.* v. *Modglin*, 85 id. 481.

This crossing, from its peculiar character, was a place of well known danger, and it is the duty of an engineer to both ring a bell and blow a whistle where the effect will be to avoid injury, although the same is not required by statute.   *Railway Co.* v. *Foster*, 43 Ill. 415; *Railway Co.* v. *Dillon*, 123 id. 570; *Railway Co.* v. *Perkins*, 125 id. 127.

The statute requiring a bell to be rung or a whistle to be blown when a locomotive is eighty rods distant from a crossing, and the same to be rung or blown continuously until such crossing is reached, is applicable as well where the crossing is under or over such railroad as where it is

upon the same grade. *People* v. *Railroad Co.* 13 N. Y. 78; *Railroad Co.* v. *Barnett,* 59 Pa. St. 259.

Mr. Justice Boggs delivered the opinion of the court:

Whether the statute requiring those in charge of a railroad train to give signals of the approach of the train to a public road crossing has application where the highway is carried over the track of the railroad by means of an overhead bridge, or whether such statute has reference only to crossings of the highway and the track of the railroad at a common level, cannot be determined by the decisions of the courts of sister States or on the authority of law writers. The decisions of the courts of the various States are based upon the peculiar phraseology of the statutes of the States, respectively, and the views of the authors of the text book are not harmonious. Aside from any statutory regulation, it is the duty of a railroad company, in operating its trains, to use ordinary care and prudence to avoid injuring persons or property at points where the track of the railroad is crossed by a public road, and compliance with every statutory regulation will not be deemed sufficient to relieve a company from liability if common prudence would dictate the exercise of other and additional precautions. (*Chicago, Burlington and Quincy Railroad Co.* v. *Perkins,* 125 Ill. 127.) Travelers upon the highway and the railroad company whose track crosses the public way at a common level have mutual rights and reciprocal duties and obligations in the use of the crossings. The trains of the company, out of considerations of public convenience and from the necessities of the case, were granted priority in right of passage, provided the servants of the company in charge of the train comply with the statutory regulations designed to advise the traveler of its approach, and adopt such other precautions as ordinary prudence would dictate for the safety of persons who may be on the public highway with intent to pass along it across the track of

the railroad. Priority in the right of passage at such crossings being granted to the railroad company, it was but reasonable to charge it, by statutory enactment, with the duty of advising those persons using the highway and intending to pass along that part of the highway which is also a part of the railroad track, that it is about to exercise its prior right to move its train along its track and over and across the same point in the highway. While the liability of the company to answer in damages for injuries to persons and property arising from a failure to observe the statutory enactments is not confined to such injuries as result from collisions between its trains and such persons or property, it is manifest the crossings contemplated by the statute were those where the bed of the highway and the track of the railway were upon common ground and at the same level. In view of the state of the law it may be asserted with the utmost confidence the peril arising from the possible and probable presence of traveler and train at the same time at a place where each had a mutual though reciprocally restricted right to go was the prime moving cause for the enactment of the statutory regulation in question.

We held in *Mobile and Ohio Railroad Co.* v. *Davis*, 130 Ill. 146, that the term "public highway," as employed in the statute under consideration, was not limited in its signification to the common public roads of the country, but that its meaning was broad enough to include streets in cities, and that it was incumbent upon a railroad company to announce the approach of one of its trains to a street crossing by ringing the bell or sounding the whistle in compliance with the terms of the statute. But in *Blanchard* v. *Lake Shore and Michigan Southern Railway Co.* 126 Ill. 416, it was said, perhaps *in arguendo* yet nevertheless correctly, that the statute in question had no application to the crossing of the tracks of the railroad company (appellee in that case) over Halsted street in the city of Chicago, for the reason no travel passed over

the tracks of the railroad at that street except upon the viaduct, far above and out of the way of trains. The statute being applicable to crossings of streets and railroad tracks, it would follow, if its application is not properly restricted to crossings having a common grade, that trains operated upon tracks elevated above or depressed below the level of the streets in cities, where the trains are perhaps at all times within much less than eighty rods of a crossing, would be required to keep the whistle blowing or the bell ringing continuously, to the great annoyance of the public, amounting practically to a nuisance.

It is not indispensable to the protection of the persons and property of those passing along a highway with intent to cross the track of a railroad which crosses the highway either so far above or so far below the level of the highway as that there is no danger a collision will occur, the statute should be given the construction given it by the trial court, for, as we have seen, in the entire absence of any statutory regulation the law requires companies operating railroad trains shall adopt every precaution which common prudence would dictate to be necessary, under the particular circumstances of the occasion, to notify persons about to proceed along the highway on, over or under the track of the railroad, that a train is approaching the place of crossing. In the case at bar the highway at the place of crossing consisted of a bridge so far above the track of the road as to preclude all danger of collision. Whether notice of the approach of the train was given by ringing the bell or sounding the whistle of the locomotive was proper for consideration, together with other facts and circumstances appearing in the proof as bearing upon the question of fact whether such notice of the approach of the train had been given as ordinary prudence and due regard for the safety of the citizen demanded; but it was not true, as a matter of law, that it was the statutory duty of the company to

cause the "bell of the locomotive to be rung or its whistle to be sounded from a point when the same (the locomotive) was eighty rods distant from said highway and until the crossing was reached," as the court advised the jury by the instructions.

The judgment of the circuit court and that of the Appellate Court affirming it must be and are reversed, and the cause remanded to the circuit court for further proceedings in conformity with this opinion.

*Reversed and remanded.*

Mr. CHIEF JUSTICE CARTER, dissenting.