## George Rosan v. Big Muddy Coal & Iron Company.

1. DAMAGES—*what may be recovered in action for personal injuries.* The only damages that may be recovered in an action for negligence are such as are the natural and reasonably to be expected result of the defendant's acts, and the consequences must be such as in the ordinary course of things would follow from the acts and could be reasonably anticipated as a result.

2. PROXIMATE CAUSE—*what not, of injury.* Held, that the backing or crowding of the mule, back against the moving car, and the slip and fall of plaintiff under the car, appearing in the case, are not the ordinary and natural results of an imperfect light or inadequate ventilation.

3. WILFUL VIOLATION—*what essential to liability of mine owner for.* Not only must there be a wilful violation and a resulting injury to a servant in order to recover, but such servant must be within the class contemplated by the statute and within the purpose and protection for which the law was enacted.

Action on the case for personal injuries. Error to the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

LIGHTFOOT & HARKER, for plaintiff in error.

PERCY WERNER, for defendant in error.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This action was brought by plaintiff in error, against the defendant in error, to recover damages for personal injuries sustained while employed as a mule-driver in a coal mine operated by the defendant in error. In the mine there was a main east entry extending east from the shaft, twelve north entries, numbered from the west, running north from the main entry, and twelve south entries, likewise numbered from the west, running south from the main entry. The current of fresh air,

forced into the mine by machinery, passed through the north entries in order from west to east successively, beginning with number two, and returned through the south entries in like order from number twelve. While driving a mule hitched to a loaded car through the ninth south entry in which there was a slight incline, the mule stopped and crowded back, the light from the miner's lamp carried by the plaintiff went out, he slipped and fell between the mule and the car and was severely injured.

The declaration contains three counts. In substance the first count charges the defendant with negligence in failing to supply that part of the mine where plaintiff was injured with a sufficient current of fresh air to sustain combustion in the lamps and prevent them from going out, and that by reason of such negligence the plaintiff's lamp was extinguished, causing the injury sustained. The second count charges wilful violation of section 19 of the Miner's Act, providing for the ventilation of the mine and the forcing of currents of fresh air throughout by a fan or other artificial means. The third charges wilful violation of section 16, clause (b), which provides that the mine manager shall order the withdrawal of the men from the mine in certain contingencies, and until thorough ventilation has been reestablished. The defendant filed the plea of not guilty. At the conclusion of all the evidence the court instructed the jury to find for the defendant, and a verdict and judgment was rendered accordingly. The plaintiff saved exceptions to the ruling of the court in taking the case from the jury, and brings the record to this court on writ of error. The only question to be determined is, whether or not there is any evidence in the record which by any reasonable interpretation tends to prove a cause of action as alleged in either one of the counts of the declaration. To sustain a cause of action every material allegation must be proved, and the lack of evidence tending to prove any material al-

legation leaves the plaintiff without right to recover, and in such case, after the evidence is all in, it is the duty of the court to take the case from the jury and direct a verdict for the defendant. In an action for damages the allegation that the alleged negligence caused the injury is material and must be proved, and where there is lack of evidence tending to prove such allegation, the action must fail. By the first count it is alleged, in effect, that inadequate ventilation and the limited supply of fresh air caused the plaintiff's lamp to go out and that the extinction of the lamp caused the injury. We find in the record no evidence tending to prove this allegation. The only testimony of how the injury occurred is that of the plaintiff himself. He says (Abstract p. 31): "When I started down the entry on this last trip of mine, my light became dim. There is a slight incline going out there in room 51. As the light got dim, the mule slacked up; as the mule slacked up, I hollered to him to go ahead; he kindly stepped up again, but came back. The light was very dim and the air was poor. I threw my left hand on his back and my right hand on the front of the car to keep it from bumping against him. The mule stopped and crowded back. The light went out. I slipped between the mule and the car. It was dark. My right foot went down in front of the car between the car and the mule; my other foot was on the bumper. * * * The rib on the right hand side was so close that one could not get out of the way of the car. * * * My feet were dragging. The car run on top of me." Here is a series or number of events or circumstances without causal connection, beginning with a dim light and ending with the plaintiff falling from the car. The negligence charged must be the proximate cause of the injury. This proposition will not be disputed. The only damages that may be recovered in an action for negligence are such as are the natural and reasonably to be expected result of the defendant's acts, and the consequences must be such as in the ordinary course of

things would flow from the acts and could be reasonably anticipated as a result. "Proximate damages are such as are the ordinary and natural results of the omission or commission of acts of negligence and such as are usual and might have been reasonably expected. Remote damages are such as are the unusual and unexpected result, not reasonably to be anticipated from an accidental or unusual combination of circumstances —a result beyond and over which the negligent party has no control." Brown v. Craven, 175 Ill. 401. Within this definition, and after allowing all justifiable inferences that can be drawn from the evidence, it cannot be said that the damages sustained by plaintiff are the natural and proximate result of the negligence charged. The backing or crowding of the mule, back against the moving car, and the slip and fall of plaintiff under the car, are not the ordinary and natural results of an imperfect light or inadequate ventilation. And in this, we think, all reasonable minds would agree without hesitation or dissent, after allowing every reasonable inference justified by all the evidence in the case. That the accident was not reasonably to be anticipated as a result of the defendant's omission to supply the mine with sufficient fresh air, and therefore not the proximate result of such omission, is evidenced by the fact that neither the plaintiff, nor any of his witnesses who testified, anticipated the danger or effect now alleged as the result of impure air. It caused discomfort, and caused the lights to go out, and endangered the health of the men, that is all that was claimed by the witnesses, and that is all that could reasonably be anticipated as the ordinary, usual and natural consequence. That there could be any danger of the kind indicated to any one working in the mine, from lack of ventilation, could not, we think, reasonably be anticipated. For a result so unusual and extraordinary the defendant cannot be held liable.

Under the second and third counts, as under the first, it must be proved that the damages sustained are the

proximate result of insufficient ventilation. It is alleged that the defendant wilfully violated the statute, and, in consequence, that the plaintiff was injured. Whether the evidence shows a wilful failure on the part of the defendant to comply with statutory requirements, we need not inquire, for the reason that the alleged injury is not within the purpose of the statute invoked, and even though injury in the manner described were caused by imperfect ventilation, there could be no recovery. There may be a wilful violation of the statute by the master, and a servant may be injured thereby, and still the servant may not be entitled to recover damages for such injury. Unless the servant is within the class contemplated by the statute and within the purpose and protection for which the law was enacted, he is without remedy in an action of this kind. C., C., C. & St. L. Ry. Co. v. Halbert, 179 Ill. 196; Williams v. C. & A. R. R. Co., 32 App. 339; Lumaghi v. Voytilla, 101 App. 112; Foster v. Swope, 41 Mo. App. 137. Section 19 of the statute, and clause (b) of section 16, relate to sanitary conditions of the mine as affected by ventilation. It was the purpose of the law, and is so expressed in the statute, that a current of fresh air should be maintained throughout the mine "sufficient for the health and safety of all men and animals employed therein." In the case of Carterville and Herrin Coal Company v. Moake, *post,* p. 133, the construction of section 19 was involved, and it is held, that an injury occasioned by the explosion of a keg of powder was not within the purpose of the statute, and that a wilful failure to provide cross-cuts as required in clause (g) would not render the mine owner liable for damages for such injury. To the same effect and a like construction of the statute, this court is committed by opinion in Davis Mining Co. v. Gettleman, 126 App. 549. But, whether within the purview of the statute or not, there was no evidence tending to prove that the negligence as alleged in the

first count, or the wilful violation of the statute as alleged in the second and third counts, was the proximate cause of the injury complained of. The judgment of the Circuit Court must, therefore, be affirmed.

*Affirmed.*