## Earl Halberg, Appellant, v. Citizens Coal Mining Company, Appellee.

1. MINES AND MINERS ACT—*who cannot recover for wilful violation*. A person injured through the wilful violation of the Mines and Miners Act cannot recover if he does not bring himself within the class of those for whose benefit the particular provision which is alleged was violated, was enacted.

2. MINES AND MINERS ACT—*when declaration charging wilful violation does not state cause of action*. Held, that the declaration in this case, which was filed by one who had been employed as an attendant, did not state a cause of action in that the injury complained of did not appear to have proximately resulted from the wilful violation complained of.

3. NEGLIGENCE—*when proximate cause question of law*. What is the proximate cause of an injury is ordinarily a question of fact to be determined by the jury, but it can arise as a question of law when the undisputed facts are such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn therefrom.

Action in case for personal injuries. Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

PETER MURPHY and BALDWIN & STRINGER, for appellant.

BEACH, HODNETT & TRAPP, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by Earl Halberg, a minor, by his guardian and next friend against the Citizens Coal Mining Company to recover damages for personal injuries alleged to have been sustained by him by reason of the wilful violation by said defendant of certain provisions of the Mines and Miners Act, and also by reason of the negligence of said defendant. The declaration contained five counts designated as two original counts and three additional counts.

Defendant pleaded the general issue to the two original counts and demurred to the three additional counts. The court sustained a demurrer to the first additional count and overruled the demurrers to the second and third additional counts. The plaintiff elected to stand by the first additional count and the case was submitted for trial by a jury on the first and second original and second and third additional counts. At the close of the evidence for the plaintiff the suit was dismissed as to the first original count and upon motion of the defendant the court gave to the jury a peremptory instruction to find the defendant not guilty as to the second original and second additional counts. The case proceeded to trial upon the third additional count, which alleged common law negligence, and resulted in a verdict and judgment in favor of the defendant.

The only question presented for our consideration upon this appeal relates to the action of the court in sustaining the demurrer to the first additional count of the declaration. Said count of the declaration alleges that on March 15, 1907, the defendant was possessed of and owned and operated a certain coal mine with a coal shaft, passageways, entries, tracks, cars and mules for excavating and mining coal; that from the bottom of a large shaft there was a certain passageway in and along which passageway rails and tracks were constructed whereby cars were hauled by draft animals to and from the rooms where coal was mined to the bottom of said shaft; that in and across said passageway certain permanent doors, used in guiding and directing ventilating currents of air in said mine, were constructed about 80 yards apart, through which doorways cars were hauled to and from the workings in said mine, and that it was the duty of said defendant to keep employed at each of said principal doorways an attendant for the purpose of opening and closing said doors when trips of cars were passing through the same; that plaintiff was

then employed by the defendant as an attendant and it then and there became and was the duty of defendant to place and keep plaintiff as such attendant at some certain one of said principal doorways for the purpose of opening and closing the doors when trips of cars were passing to and from the workings of said mine; that defendant wilfully failed to place or keep plaintiff as such attendant at some one of said principal doorways, but on the contrary directed and required said attendant to attend and open two of said principal doors and four stub doors, and that in order to open and close said doors as so directed and required by defendant, plaintiff was obliged in said passageway to pass certain trips of cars as they were being hauled in and along said passageway and through said doors. The said count further alleges that while plaintiff was in the performance of his said duties in said passageway as such attendant, he was, by means of the wilful failure and negligence of defendant in the premises, struck, crushed and injured by certain cars, of one of said trips of cars so being hauled, and then and there passing in and along said passageway, etc.

Clause F of Section 19 of the Mines and Miners Act provides in part, as follows: "At all principal doorways, through which cars are hauled, an attendant shall be employed for the purpose of opening and closing said doors when trips of cars are passing to and from the workings. Places for shelter shall be provided at such doorways to protect the attendants from being injured by the cars while attending to their duties." Assuming for the sake of the argument, as is contended by plaintiff, that this clause of the statute requires a mine operator to employ a separate attendant at each principal door, it is manifest that the legislative purpose in requiring the employment of such attendant was to provide for the safety of those employed in the mine by its proper ventilation, and for the safety of the drivers employed in the mine

while passing to and from the workings therein through said principal doors.

The first additional count of the declaration does not allege the improper ventilation of the mine as being the cause of the injury to the plaintiff, neither does it allege the wilful failure of defendant to provide a place of shelter for plaintiff as being the cause of his injury.

As bearing upon the question of proximate cause, here involved under the allegations of the first additional count of the declaration, it has been held that persons for whose benefit a statute was not intended can acquire no rights in consequence of the omission by others to comply with its provisions. In other words, that a person seeking to recover for an injury alleged to have resulted from the violation of a statute must bring himself within the class contemplated to be protected by the provisions of such statute. C. C. C. & St. L. Ry. Co. v. Halbert, 179 Ill. 196; Lumaghi v. Voytilla, 101 Ill. App. 112; Rosan v. Big Muddy Coal & Iron Co., 128 Ill. App. 128. What is the proximate cause of an injury is ordinarily a question of fact to be determined by a jury, but it can arise as a question of law when the undisputed facts are such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn therefrom. I. C. R. R. Co. v. Siler, 229 Ill. 390. The rule that a pleading is to be taken most strongly against the pleader is so elementary that it requires the citation of no authority to support it.

As to the cause of the injury the count of the declaration in question alleges that while the plaintiff was in the performance of his duties in the passageway of the mine as an attendant, he was, by reason of the wilful failure and negligence of the defendant in the premises, struck, crushed and injured by certain cars of one of the trips of cars, so being hauled, then and there passing in and along said passageway. It is not alleged that defendant wilfully failed to provide a pas-

sageway of sufficient width or to provide places of refuge in such passageway or to provide a place of shelter at the door in such passageway as required by the statute. In the absence of any averment to the contrary it must be presumed that the passageway in question was provided with a clear space of 2½ feet between the car and the rib, or that it was provided with places of refuge not more than twenty rods apart as required by the statute, and that a place of shelter was provided for the plaintiff at the door. Not having been injured by the wilful failure of the defendant to provide plaintiff with a place of shelter at the doorway, and being at the time of his injury in a passageway provided with all the means required by the statute for his protection, it is obvious that the wilful failure of the defendant to provide a separate attendant at all principal doorways was not the proximate cause of plaintiff's injury, but that such injury must have resulted from some new and independent cause intervening between said alleged wilful failure and such injury. It not appearing from the allegations of the count of the declaration in question that the wilful failure of the defendant therein alleged was the proximate cause of the injury complained of, the demurrer thereto was properly sustained and the judgment of the Circuit Court will be affirmed.

*Affirmed.*