## Oliver Wing, Appellee, v. E. M. Smith, Appellant.
### Gen. No. 5,930.

1. MASTER AND SERVANT, § 158*—*application of Safety Appliance Act*. Act of 1897 (Hurd's R. S. 1913, ch. 48, §§ 43-48, J. & A. ¶¶ 5378-5383) *held* not to apply to the injury in question, as sought to be guarded against by the statute.

2. MASTER AND SERVANT, § 158*—*persons protected by Safety Appliance Act*. To entitle a person to recover because of a violation of a statute imposing a duty upon an employer for the protection of an employee, he must be within the class contemplated by the statute and within the purpose and protection for which the law was enacted.

3. MASTER AND SERVANT, § 572*—*burden of proof*. In order to entitle an employee to recover under a statute enacted for the protection of workmen, it is not alone sufficient to aver and prove the violation of the statutory duty of the defendant and the consequent injury to the plaintiff, but it must also appear that the statutory duty violated was one that defendant owed the plaintiff and of which he complains.

4. INSTRUCTIONS, § 25*—*where counts are defective*. Refusal of an instruction to the jury to disregard certain bad counts is not reversible error if there is another good count in the declaration.

5. MASTER AND SERVANT, § 158*—*safety appliance statute construed*. Act of 1909 (Hurd's R. S. ch. 48, §§ 89 *et seq.*, J. & A. ¶¶ 5386 *et seq.*) *held* that the purpose of the act manifest from its title and provisions was to provide for guarding power driven machinery and that it was not intended to limit its requirements to machines specifically named and hence it should be construed to cover buffing wheels, as there was not an attempt to name every machine or part of a machine that must be guarded, but rather the specific mention of certain machines to indicate the kind and character of machinery contemplated.

6. MASTER AND SERVANT, § 445*—*compliance with direction of master*. A workman is not to be charged with negligence, or with the performance of an unlawful act, because he installs or works upon machinery not guarded in compliance with statute, if he does so under the direction of his master.

7. MASTER AND SERVANT, § 432*—*care required of servant to use safety devices*. It seems that if a workman is in charge of the installation and operation of a machine, with full power to guard

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

it or not as he sees fit, he cannot maintain an action for negligence of his master based on his own failure to do the act required.

8. INSTRUCTIONS, § 38*—*when recital of inapplicable part of statute reversible error.* An instruction reciting sections of an act not applicable, *held* prejudicial as presenting improper matters for consideration in reaching a verdict.

9. MASTER AND SERVANT, § 302*—*where doctrine of assumed risk does not apply.* In an action under the Act of 1909 (Hurd's R. S. ch. 48, §§ 89 *et seq.,* J. & A. ¶¶ 5386 *et seq.*), *held* that an instruction that the doctrine of assumed risk did not apply and the doctrine of contributory did apply was proper under the pleadings, although both defenses may not be available under the statute.

10. INSTRUCTIONS, § 38*—*effect of recital of lengthy statute.* While the recital of an extensive statute in an instruction is not good practice, it was *held* not to be erroneous.

11. MASTER AND SERVANT, § 685*—*admissibility of evidence.* Where an injury fell within the Safety Appliance Act of 1909, it was *held* erroneous to permit the introduction of evidence that other machinery in the factory was not guarded, including machinery that might fall within the provisions of the Act of 1897, which did not apply to the injury in question.

Appeal from the Circuit Court of Peoria county; the Hon. THEO-DORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed October 27, 1914.

PAGE, HUNTER, PAGE & DALLWIG, for appellant.

DAILEY & MILLER, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

Appellee, Oliver Wing, met with an accident April 16, 1912, while in the employ of E. M. Smith, the appellant, resulting in the loss of his left eye. He brought this action on the case to recover for the injury. A jury trial resulted in a verdict and judgment against appellant for forty-five hundred dollars, and he brings the case here for review.

Appellee is a skilled mechanic and had been in the employ of appellant for about ten years before the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

accident. At the time of the injury he was in charge of three men helping him to do a piece of work. It is not clear from the evidence what his position in the shop was. Appellant's counsel say he was foreman, and appellee's counsel say that he was acting under the direction of appellant and simply in charge of the men that were helping him do the particular work on which they were engaged at the time of the injury. They were making a floor plate in the course of some repair work on an automobile. A short time before the accident appellee went to a dealer in buffing wheels and procured a wheel about ten inches in diameter and about an inch thick made of pieces of canvas stitched together. On the day of the injury appellee himself, or one of his helpers under his direction, attached this wheel to the stand or frame on which it was used at the time of the injury. It was connected by a belt with a line shafting in the shop and revolved very rapidly. The helper under appellee's direction attempted to polish or buff the floor plate by holding it against the wheel as it revolved. It flew out of the helper's hands, and appellee took it and held it against the revolving wheel when it flew from his hands and struck him in the left eye.

The case was tried on a declaration of three original and two amended counts and a plea of the general issue. The first count charged a violation of the Act of 1897 (J. & A. ¶ 5379) in failure to provide a hood or hopper on said wheel, and averred due care by plaintiff; the second count charged that the wheel was not guarded and had no hood or hopper as provided by the Act of 1897; the third count is substantially the same as the second; each of the last two counts omitted the averment of due care by the plaintiff. The first amended count charged a failure of appellant to inclose, fence, cover or protect the "combination emery and buffing wheel" by a guard or device as required by the Act of 1909; the fifth count is the same as the

fourth except the wheel is called an emery wheel. In each of the two amended counts due care by the plaintiff is alleged.

The Act of 1897 is found in Hurd's Revised Statutes of 1913, ch. 48, p. 1183, and in Jones & Addington Annotated Statutes, vol. 3, p. 2894, ¶ 5378. It is entitled: "An Act to compel the using of blowers upon metal polishing machinery," and is sometimes called the "Blower Act." It provides: "That all persons * * * operating any factory or workshop where emery wheels or emery belts of any description are used, either solid emery, leather, leather covered, felt, canvas, linen, paper, cotton, or wheels or belts rolled or coated with emery or corundum, or cotton wheels used as buffs, shall provide the same with blowers, or similar apparatus, which shall be placed over, beside or under such wheels or belts in such a manner as to protect the person or persons using the same from the particles of the dust produced and caused thereby, and to carry away the dust arising from or thrown off by such wheels or belts while in operation directly to the outside of the building or to some receptacle placed so as to receive and confine such dust. *. * *''

It is made the duty of any person operating such factory or workshop to provide such appliances, etc., "necessary to carry out the purpose of this act, as set forth in the preceding section," and that "each and every such wheel shall be fitted with a sheet of cast iron hood or hopper of such form and so applied to such wheel or wheels that the dust or refuse therefrom will fall from such wheels, or will be thrown into such hood or hopper by centrifugal force and be carried off by the current of air into a suction pipe attached to same hood or hopper." (J. & A. ¶ 5379.) The size of the suction pipe on various sized wheels is provided for, and necessary fans or blowers to be connected therewith, and the speed at which the fans shall be run.

The Act of 1909 (in force January 1, 1910) is found

in Hurd's Statutes on page 1198, and in the third volume of J. & A. Statutes on page 2896, ¶ 5386, and is entitled: "An Act to provide for the health, safety and comfort of employees in factories, mercantile establishments, mills and workshops in this State, and to provide for the enforcement thereof." It provides: "That all power driven machinery, including all saws, planers, wood shavers, jointers, sand paper machines, iron mangles, emery wheels, ovens, furnaces, forges and rollers of metal; all projecting set screws on moving parts; all drums, cogs, gearing, belting, shafting, tables, fly wheels, flying shuttles and hydro-extractors; all laundry machinery, mill gearing and machinery of every description; all systems of electrical wiring or transmission; all dynamos and other electrical apparatus and appliances; all vats or pans, and all receptacles containing molten metal or hot or corrosive fluids in any factory, mercantile establishment, mill or workshop, shall be so located wherever possible, as not to be dangerous to employes or shall be properly enclosed, fenced or otherwise protected. All dangerous places in or about mercantile establishments, factories, mills or workshops near to which any employe is obliged to pass, or to be employed shall,where practicable, be properly enclosed, fenced or otherwise guarded. No machine in any factory, mercantile establishment, mill or workshop, shall be used when the same is known to be dangerously defective, and no repairs shall be made to the active mechanism or eperative part of any machine when the machine is in motion." The violation of this act is made a misdemeanor punishable by fine.

It is obvious that the purpose of the Act of 1897 was to protect workmen from dust, and that there was no intention to protect from the kind of accident that occurred in this case. It is quite likely that the act could have been complied with and still left the machinery in such condition that this accident would

have happened. But if there was a causal relation between the failure to comply with the Statute of 1897 and the injury, we are still of the opinion that the injury was not one sought to be guarded against by the provisions of that statute, and therefore that appellee could not make a case by showing its violation by appellant. To entitle a plaintiff to recover because of a violation of a statute imposing a duty on the defendant, he must be within the class contemplated by the statute, and within the purpose and protection for which the law was enacted. *Rosan v. Big Muddy Coal & Iron Co.*, 128 Ill. App. 128; *Halberg v. Citizens Coal Min. Co.*, 149 Ill. App. 412. It is not sufficient to aver and prove the violation of a statutory duty by the defendant, and consequent injury to plaintiff, but it must further appear that the statutory duty violated was one that the defendant owed the plaintiff. *Ehrlich v. Chicago Great Western R. Co.*, 160 Ill. App. 379, and authorities there cited and reviewed. Definitions of negligence by courts and text writers are numerous and not altogether harmonious. A great number of them are found in 29 Cyc. 415. Our Supreme Court in *McAndrews v. Chicago, L. S. & E. Ry. Co.*, 222 Ill. 232, on page 236, stated the three elements necessary to make a case of actionable negligence. The first element being in the language of the court: "The existence of a duty of the part of the defendant to protect the plaintiff from the injury of which he complains." The definition of actionable negligence there stated has been much quoted in later cases in this State. Under that definition the duty of a defendant to protect the plaintiff from an injury is not sufficient; it must be a duty to protect the plaintiff from "the injury of which he complains." The duty may be created by statute or ordinance or may otherwise arise, but if it be created by statute the consequences must be those contemplated by the provision. 29 Cyc. 438. It is said in 21 Am. & Eng. Encyc. of

Law 481: "It is believed that as a general rule evidence of the violation of a statute or ordinance can tend to show actionable negligence only where the consequences particularly or generally contemplated by the provision in question have ensued from its violation."

No attempt is made to sustain either of the three original counts except on the claim that the Statute of 1897 applies. In our opinion they were each bad in failing to charge actionable negligence. Appellant at the close of plaintiff's case, and again at the close of all the evidence, offered a separate motion accompanied by an appropriate instruction asking the court to instruct the jury to disregard these counts, which motions were denied and the instructions refused. The instructions should have been given, but if there were other good counts or another good count in the declaration, it was not reversible error to refuse them. *Scott v. Parlin & Orendorff Co.*, 245 Ill. 460.

Appellant contends that the Act of 1909 does not apply because, though the section begins by using the words "all power driven machinery," it follows immediately with the words, "including all saws, planers," etc., and a buffing wheel is not included among the many kinds of machinery specifically mentioned; and the rule of construction that words of general import are limited by words of restricted import immediately following or preceding is invoked. He contends that it was the intent of the lawmaker to provide for guarding emery wheels, because they are specifically mentioned, and not to provide for guarding buffing wheels because they are not so mentioned. We are of the opinion that the purpose of the act manifest from its title and provisions is to provide for guarding power driven machinery, and that it was not intended to limit its requirements to machines specifically named, and that it should be read to cover buffing wheels; that there was not an attempt to specifically

name every machine or part of a machine that must
be guarded, but rather by the specific mention of cer-
tain machines to indicate the kind and character of
machinery contemplated. We assume there are ma-
chines of other names, but of the same character, now
in use, and that from time to time still other machines,
now unknown and unnamed, of the same character,
will be operated in factories; and we think it a too nar-
row construction of this act to hold it applies to no
machine not specifically mentioned therein. In
*Streeter v. Western Wheeled Scraper Co.*, 254 Ill. 244,
1 N. C. C. A. 828, the Court said, in discussing this
act, on page 247: "Section 1 is an unqualified declara-
tion that all machinery and appliances of the *char-
acter* mentioned shall," etc.; and while the Court was
not then discussing the question we are now consider-
ing, still the language used is some indication of its
construction of the statute in that regard.

The first additional count charges a failure to guard
"a power driven combination emery and buffing
wheel," and the second additional count describes it
as "an emery wheel." We are of the opinion that the
evidence may be read as supporting the first designa-
tion, if not the second.

It is contended that appellee was acting at the time
as a vice-principal and was solely responsible for the
installation and operation of the wheel. As we have
before said, it is not clear from the evidence just
what position of responsibility appellee occupied,
either generally or in relation to this transaction. As
the case must be remanded for another trial, and the
evidence on that trial will probably more clearly show
these facts, we will not discuss that feature further
than to say that a workman is not to be charged with
negligence, or with the performance of an unlawful
act, because he installs or works upon machinery not
guarded in compliance with the statute, if he does so
under the direction of his master; but we assume it

is true that if the workman is in charge of the installation and operation of the machine, and the question whether it be guarded is left to his discretion, and he has full power and authority to guard it or not as he sees fit, that he cannot maintain an action for negligence of his master based on his own failure to do the act required.

The court at the instance of appellee gave the jury an instruction reciting the first and second section of the Act of 1897, and by another instruction led them to infer that appellant was under a duty to appellee to comply with that act, and that a failure to do so created a liability in this case. This in our opinion was prejudicial error. It may be said that it could make no difference because the duty to guard the machine was imposed by the Act of 1909, and it was only necessary that the jury should know that the duty existed, and not material whether it was imposed by one statute or two; but it is probable that a mistaken belief that the machine was operated in violation of the Act of 1897 as well as the Act of 1909 would prejudice the jury against the defendant and affect their verdict. · This consideration is of more importance because of the fact that in this class of cases the question of the amount of damages is necessarily largely left to the discretion of the jury and may be influenced unconsciously by feelings of prejudice. Whether appellant had violated the Statute of 1897 was not a question for the jury in this case, and they should not have been embarrassed by its consideration.

It is argued by appellee that there is no question of contributory negligence or assumed risk in this case, and *American Car & Foundry Co. v. Armentraut,* 214 Ill. 509, and *Streeter v. Western Wheeled Scraper Co., supra,* are cited in support of that contention. The former case arose under the Child Labor Law. The defense of contributory negligence is not available under that law or under the Mining Act for reasons

that are not necessarily controlling in cases arising under this Statute of 1909. It was not held in the *Streeter* case, *supra,* which arose under the Act of 1909, that it was unnecessary to aver and prove due care on the part of the plaintiff. We are not aware that the question has been determined by the Supreme Court. We indicated in *Robishaw v. Schiller Piano Co.,* 179 Ill. App. 163, that the question was in doubt, and the Appellate Court of the First District in *Schultz v. Henry Ericsson Co.,* 182 Ill. App. 487, use some expressions in discussing the question of contributory negligence that may be taken as indicating that the defense is like that of assumed risk, not available under such a statute. In each of the amended counts due care is alleged. The court instructed the jury that the doctrine of assumed risk did not apply and the doctrine of contributory negligence did apply. Under the pleadings this instruction was proper and no cross-error is assigned raising the question.

The court at the instance of appellee recited in an instruction the section of the Act of 1909, heretofore set out. This is argued as error. While it is no doubt better to instruct a jury in such a case as to the liability of the defendant without reciting a statute so extensive as this one, at length, still we do not regard the instruction as reversible error. It is however open to the objection that it directs the attention of the jury to other and different elements of liability and might thus confuse them, and should not be repeated on another trial. The court properly refused to instruct the jury that the doctrine of assumed risk applied; the *Streeter* case, *supra* is decisive of that question. Other questions arising on the instructions are sufficiently disposed of in what we have heretofore said. Appellee was permitted over the objection of appellant to introduce evidence that other machinery in the factory was not guarded, including machinery that might fall within the provisions of the Act of

1897. This was error that might prejudice the jury against appellant. Complaint is made that witnesses in some instances were permitted to testify to conclusions instead of facts, and there is some ground for the complaint, but that question may not arise in another trial.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*